UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DERRICK BRADLEY,

Plaintiff

v.

JAMES DZURENDA, et al.,

Defendants

Case No. 2:25-cv-02351-GMN-MDC

ORDER

## I. DISCUSSION

On June 26, 2026, this Court issued a Screening Order and referred the case to the Inmate Early Mediation Program. (*See* ECF No. 20). The parties did not settle at mediation, and this case has returned to the normal litigation track. (ECF Nos. 29, 34).

After mediation, Plaintiff filed a Motion for Request of Initial Disclosures (ECF No. 30), a Motion for Reconsideration (ECF No. 31), a Motion for Leave of Court for Deposition of Witness (ECF No. 32), and a Motion for Production of Documents (ECF No. 33). The Court denies the discovery motions (ECF Nos. 30, 32, 33) without prejudice as premature. Plaintiff is in the process of perfecting service and, thus, discovery is premature at this stage of the litigation. (*See* ECF No. 34).

The Court will address Plaintiff's Motion for Reconsideration. (ECF No. 31). Plaintiff seeks reconsideration of the Screening Order and wants the Court to permit his Americans with Disabilities Act ("ADA")/Rehabilitation Act ("RA") claim to proceed against the NDOC and State of Nevada. (*Id.* at 1).

In dismissing the ADA claim, the Screening Order stated:

> Plaintiff alleges that prison officials discriminated against him because of his PTSD medication which he asserts is his "disability" causing him to pass out. (ECF No. 13 at 20). For screening purposes, the Court interprets PTSD as Plaintiff's disability rather than the medication . . .
>
> The Court finds that Plaintiff fails to state a colorable ADA claim. Based on the allegations, prison officials did not discriminate against Plaintiff based on his PTSD. Instead, Plaintiff's allegations demonstrate that every inmate was

> subjected to extreme heat in the unit. The Court dismisses this claim with prejudice as amendment would be futile.

(ECF No. 20 at 11).

In the motion, Plaintiff asserts that he never stated that he was being discriminated against because Defendants subjected him to extreme heat and acknowledges that other inmates were subjected to those conditions as well. (ECF No. 31 at 4). Instead, Plaintiff states that he alleged that Defendants discriminated against him based on his disability when they denied him medical attention, a service, and refused to transport him to the infirmary even though he was injured and having trouble breathing. (*Id*.) Other inmates were in their cells and never requested to see medical nor did those inmates pass out due to a combination of medication and extreme heat like Plaintiff did. (*Id*.) Plaintiff alleges he was further discriminated against because Helga and Crystal laughed at him while denying him medical attention and access to the infirmary. (*Id.* at 4-5).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration because it finds that it did not commit clear error in the initial decision. The Court appreciates Plaintiff's motion to clarify his allegations. However, even with the clarification, Plaintiff fails to state an ADA/RA claim.

Both the ADA, 42 U.S.C. § 12132, and the RA, 29 U.S.C. § 794 or Section 5, apply in the prison context. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Pursuant to the RA, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A prison inmate states a colorable claim under both the ADA and RA if he alleges that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

However, the Ninth Circuit has held that "the ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Courts hold that allowing prisoners to utilize the ADA and RA as causes of action for not receiving medical treatment is simply making 'an end run around the Eighth Amendment.'" *King v. Calderwood*, 2:13-cv-02080-GMN-PAL, 2015 WL 4937953, at *2 (D. Nev. Aug. 19, 2015) (citing *Deeds v. Bannister,* 3:11-cv-00351-LRH-VPC, 2013 WL 1250343, at *5 (D. Nev. Jan. 8, 2013); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996).

Therefore, in the context of prison medical services, to state a colorable ADA/RA claim at the screening stage, a plaintiff must allege more than a lack of adequate treatment or negligence or deliberate indifference to serious medical needs; he must allege facts sufficient to show that he was denied the benefits of the prison's medical services program because of his disability. *See Postawko v. Missouri Dep't of Corr*., No. 2:16-cv-04219-NKL, 2017 WL 1968317, at *12–13 (W.D. Mo. May 11, 2017) (denial of medication services because of hepatitis); *see also McNally v. Prison Health Servs*., 46 F.Supp.2d 49, 58-59 (D. Me. 1999) (denial of prescription medication services because

of HIV).

Plaintiff's allegations demonstrate that he received inadequate medical treatment after he passed out due to his medication. At its heart, this is an Eighth Amendment deliberate indifference to serious medical needs claim, and the Court has permitted that claim to proceed past screening. (*See* ECF No. 20 at 9-10, 17). As such, Plaintiff fails to state a colorable ADA/RA claim, and the Court denies Plaintiff's motion for reconsideration.

## II. CONCLUSION

It is therefore Ordered that the Motion for Request of Initial Disclosures (ECF No. 30), the Motion for Leave of Court for Deposition of Witness (ECF No. 32), and the Motion for Production of Documents (ECF No. 33) are denied without prejudice as premature.

It is further Ordered that the Motion for Reconsideration (ECF No. 31) is denied.

DATED: September 22, 2026.

Gloria M. Navarro, Judge
United States District Court